JOHN FREDERICK THOMAS *v.* STATE OF INDIANA.

[No. 1273S258. Filed January 6, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Defendant was tried by a jury as an accessory to a Robbery and Kidnapping. The court found him guilty of the included offense of Accessory After the Fact of Theft from the Person and of the offense of Accessory After the Fact of Kidnapping. IC 1971, 35-1-29-3 [*Burns Ind. Ann. Stat.* § 9-103 (1956 Repl.)]. He appeals.

The first issue is whether or not the evidence was sufficient to allow the jury to find that Defendant harbored, concealed, or assisted the principals with the intent that they escape from detection, capture, arrest or punishment. The evidence, from that point of view most favorable to the State, is that Defendant and one Jacobs and one Gardner were driving around trying to decide upon an establishment to rob. They decided to rob the Bank City Oil gas station. However, Defendant feared that he would be recognized

by an employee so he was dropped off at the Doghouse Tavern two blocks from the gas station. Jacobs and Gardner took money from the attendant and ordered him into the back seat of the car. Jacobs and Gardner then picked the Defendant up at the tavern and drove down a country road where the attendant, after having been required to strip, was let out. The three then drove to a side road in Michigan and, while Gardner put the attendant's clothes in some bushes, Defendant put the license plate, which Gardner had removed prior to the holdup, back on the car. They then drove to the mobile home where they were staying and split the money three ways. Defendant's share was about $15.00. Defendant's course of conduct before and after the crimes indicates an adoption and confirmation of the plan and execution of the crimes. The positive physical act of replacing the removed license plate is sufficient probative evidence to allow a jury to infer that he intentionally assisted the principals in their attempt to escape detection and apprehension. *Walker* v. *State* (1964), 246 Ind. 386, 204 N.E.2d 850.

Defendant maintains that it was improper to introduce into evidence his extra-judicial confession because at that time in the trial the State had not established the corpus delicti of the crimes of Accessory After the Fact of Robbery and Kidnapping. While it is obviously true that a conviction cannot stand without proof that a crime of the nature and character charged has been committed, the order of proof is within the sound discretion of the trial judge. *Brown* v. *State* (1958), 239 Ind. 184, 154 N.E.2d 720; *Parker* v. *State* (1949), 228 Ind. 1, 89 N.E.2d 442; *Ballard* v. *State* (1974), Ind. App., 309 N.E.2d 817. There is no abuse of discretion where the nature of the case, the evidence, or convenience requires a deviation from the usual order. A slavish adherence to formalistic logic is not always to be approved. The presentation of what actually happened can not always be done in a chronological order.

Defendant's third contention is the rather curious one that the State was required to find him guilty of being an Accessory After the Fact of Robbery, which had a sentence of ten (10)-twenty-five (25) years, instead of as an Accessory After the Fact to Theft from a Person, for which he was sentenced to a one (1)-ten (10) year term of imprisonment. Defendant's argument is that since the principal had pleaded guilty to Robbery the State should have had to prove that Defendant was an accessory to the specific crime of robbery. Presumably, Defendant does not wish us to increase his sentence. To begin with, Defendant's statement of the verdict is erroneous. The jury found "the Defendant John Frederick Thomas, Guilty as charged in the affidavit of the following: Count III, Accessory After the Fact of Robbery. The included offense of Accessory After the Fact of Theft from the Person . . . Count IV, Accessory After the Fact of Kidnapping." Furthermore, any claim that this Court should mandate a consistency between purportedly contradictory findings of separate judicial determinations is inapposite unless both determinations have been on the merits. *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366. Finally, since Defendant did not object to the instruction which authorized the jury to find him guilty as an Accessory to the lesser included offense, he has waived any claim of error. *Walker* v. *State, supra;* Rule CR. 8.

Defendant's final argument is that the accessory statute is unconstitutional because by providing the same penalty for the accessory as for the principal the statute violates the constitutional mandates that all penalties be proportioned to the nature of the offense and that punishment be neither cruel nor unusual. Ind. Const. art. 1, § 16; U.S. Const. amend. VIII. It is within the sole power of the legislature to fix the punishment for crimes. *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. Defendant's contention is not supported by Indiana law. *Brown*

v. *State* (1973), 261 Ind. 169, 301 N.E.2d 189; *Clark* v. *State* (1974), Ind. App., 311 N.E.2d 439.

Finding no error, we affirm.

All Justices concur.

NOTE.—Reported at 321 N.E.2d 194.