GENE MOSES *v.* STATE OF INDIANA.

[No. 1077S769. Filed December 5, 1978.]

*John C. Kite,* Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *David Michael Wallman,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Moses was charged with first-degree felony murder and first-degree premeditated murder concerning the beating death of Charles Cody in Terre Haute on April 18, 1975. Following a jury trial in the Vigo Superior Court on April 16, 1977, appellant was convicted of second-degree murder. Moses was sentenced to serve from fifteen to twenty-five years imprisonment. This sentence was to run consecutively to a ten year term previously imposed for an unrelated robbery conviction.

The evidence at trial showed that on the evening of April 18, 1975, appellant and three others were riding around Terre Haute in a car driven by Henry Girton. At some point,

appellant saw a man on the street direct an obscene gesture toward the car. Appellant and the other men got out of the car and chased the man, Charles Cody, into a hotel. As Mark Weathers, one of the pursuers, entered the hotel, Cody struck him over the head with a 2 x 4. Weathers testified that when he got to his feet he saw appellant strike Cody five or six times with the board. Weathers further stated that as appellant was beating Cody, another man, Richard Mitchell, shouted "Get his wallet." The four men then returned to the car and drove away with appellant still holding the board. The contents of Cody's wallet were later divided among the four. Charles Cody died three days later as a result of head injuries.

Appellant presents five issues for our review. These issues concern: (1) the propriety of charging appellant with both felony and premediated murder; (2) the receipt of testimony from a former trial judge; (3) the admission into evidence of testimony from a police detective; (4) the denial of appellant's Motion for Judgment on the Evidence as to the count charging felony murder, and; (5) the imposition of the consecutive sentence.

## I.

Appellant first argues that the trial court erred in denying his pre-trial Motion to Dismiss the felony murder count. The basis for this motion was appellant's contention that the testimony presented at an oral probable cause hearing failed to show a preconceived intention to commit robbery, the felony underlying the felony murder charge. We find it unnecessary to reach the merits of this argument inasmuch as appellant was not convicted of felony murder. It is well settled that errors, if any, in holding a count of an information or indictment sufficient, are harmless to an accused where he is acquitted on that particular count. *Hamilton* v. *State*, (1957) 237 Ind. 298, 300, 145 N.E.2d 391, 392.

In a related argument, appellant asserts that the trial court erred in denying his motion to require the prosecution to elect to proceed upon only one or the other of the two murder counts. It is argued that appellant was unduly burdened and prejudiced by having to defend against both charges. We recently considered and rejected this same argument in *Vaughn* v. *State*, (1978) 269 Ind. 142, 378 N.E.2d 859, 862-64. There is no error here.

## II.

During the cross-examination of state's witness Mark Weathers, who was one of appellant's accomplices, defense counsel elicited the fact that Weathers had a second-degree murder charge pending against him in the juvenile court of Vigo County based upon the murder of Charles Cody. It was also brought out that Weathers had been dating the daughter of the juvenile court referee and that Weathers was not waived into adult court following a waiver hearing before former Vigo Circuit Judge, C. Joseph Anderson. The obvious purpose of this line of questioning was to raise an inference to the effect that Judge Anderson had been lenient with Weathers due to Weather's relationship with the daughter of the juvenile court referee. In order to rebut this inference, the state called former Judge Anderson as a witness. After qualifying as an expert, Judge Anderson testified generally as to the purposes and procedures of the juvenile justice system. He then testified that while he normally had the referee conduct juvenile waiver hearings, he chose to do so personally in Weather's case after learning that Weathers was dating the referee's daughter. Judge Anderson further stated that he and the referee had no agreement whatsoever concerning whether or not to waive Weathers.

Defense counsel objected to any and all testimony by Judge Anderson, arguing that such testimony was improper because the acts of a court of record are known by its records alone and cannot be established by parol testimony. The cases cited

by appellant in support of this theory are clearly inappropriate. Those cases dealt with actions by trial courts, when presiding over a particular case, when such actions affected the litigants to that case and were arguably not reflected in the court's records so as to give the litigants notice. *See Blum's Lumber and Crating, Inc.* v. *James,* (1972) 259 Ind. 220, 285 N.E.2d 822; *State ex rel. Davis* v. *Achor,* (1947) 225 Ind. 319, 75 N.E.2d 154; *Anderson* v. *Indiana State Employment Appeals Commission,* (1977) Ind. App., 360 N.E.2d 104. The issue in the present case did not concern whether or not a trial court's actions were sufficiently reflected in its records to put the litigants on notice of such actions. Moreover, the crux of Judge Anderson's testimony related to the alleged "sweetheart deal" between the judge and the juvenile court referee. This obviously would not have been a matter of record.

Appellant also asserts that he was prejudiced by Judge Anderson's testimony in that it gave undue credibility to the state's case and that the testimony amounted to a jury instruction on juvenile law which should have been given by the trial judge. These assertions are specious. Judge Anderson's testimony concerning juvenile procedure was not a jury instruction, nor did it relate to any aspect of the law applicable to appellant's case. As for the undue credibility argument, we point out that Anderson's testimony served simply to rebut an inference of impropriety which was initially raised by appellant himself. We seriously doubt that appellant would be making this argument had Judge Anderson's testimony proven to be supportive of appellant's theory of judicial favoritism toward Weathers. A defendant may not complain that an area he himself has opened ultimately proves unfavorable to his case. *Cf. Fortson* v. *State,* (1978) 269 Ind. 161, 379 N.E.2d 147, 153.

### III.

Appellant next argues that the trial court erred in admitting certain hearsay testimony into evidence. During the presentation of his case in defense, appellant attempted to show that the decedent's estranged wife, Betty, and/or one Major Smoot, may have been responsible for the killing of Charles Cody. In response to this theory, the state called Officer McKee who testified that he had been informed by the Houston Police Department that Smoot was in Houston, Texas, when Cody was killed. Appellant objected that this testimony was hearsay. We must conclude that the error, if any, in admitting McKee's testimony was harmless in light of the other evidence presented at trial. Two eyewitnesses, Henry Girton and Mark Weathers, testified that they saw appellant beating the decedent about the head with a board. A pathologist stated that decedent had died of massive head injuries inflicted by a blunt object. In view of this evidence, the admission of hearsay testimony concerning the whereabouts of Major Smoot was harmless.

### IV.

Appellant next argues for reversal based on the denial of his Motion for Judgment on the Evidence as to the felony murder count made at the close of the state's case in chief. Any error in the denial of this motion would not require reversal since appellant was not convicted of felony murder. Rather, he was convicted of second-degree murder as a lesser included offense of the count charging premeditated murder.

### V.

Finally, appellant argues that the trial court erred by refusing to allow appellant's sentence to run concurrently with a sentence on a former conviction of robbery. Consecutive sentences may be imposed only when specifically provided for by the statute. *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221; *Baromich* v. *State,*

(1969) 252 Ind. 412, 249 N.E.2d 30. There is no statutory provision which requires the conviction in this case to run consecutively to appellant's previous conviction.

The case is remanded to the trial court with instructions to modify the judgment and sentence to show that said sentence shall run concurrently with the sentence imposed for the prior conviction. The judgment of the trial court is in all other respects affirmed.

All Justices concur.

NOTE.—Reported at 382 N.E.2d 934.