Betty Ann RIGGENBACH, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S16.

Supreme Court of Indiana.

Dec. 13, 1979.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Betty Ann Riggenbach was charged in Allen Circuit Court, in a two-count information, with first degree murder (Count I), Ind.Code § 35–13–4–1 (Burns 1975), and accessory before the fact: murder in the first degree (Count II), Ind. Code § 35–1–29–1 (Burns 1975). She was tried to a jury. After the presentation of all the evidence, the prosecution moved to dismiss Count I. The trial court granted this motion. The jury found the defendant guilty of the lesser-included offense of second degree murder. This appeal follows.

Appellant presents four issues for our consideration, concerning: (1) whether the trial court erred in refusing to grant defendant's pretrial motion to dismiss; (2) whether the trial court erred in failing to grant defendant's motion to dismiss or select; (3) whether the trial court erred in admitting into evidence a letter written by the defendant; and (4) whether the evidence was sufficient to sustain the conviction.

On Monday, October 25, 1976, appellant Betty Ann Riggenbach and her half-brother, Jerry Miller, drove to to the house of the deceased, Elmer Riggenbach, appellant's estranged husband. They parked the car diagonally across the street from the house. Appellant waited in the car while Miller went to the house. Elmer Riggenbach admitted Miller into the house, and shortly thereafter Miller struck the deceased once with the butt of a gun and then shot him twice. Miller then placed the body in the back set of the deceased's car, and, with appellant following in her car, drove the deceased's car to appellant's home. During this drive, Elmer Riggenbach started to groan. Miller fired four more shots, with at least two shots striking the deceased. After returning to appellant's home, Miller and appellant transferred the body from the back seat to the trunk. Miller then drove the deceased's car to Ohio to pick up his brother, and the two travelled to Hillsdale County, Michigan, where they buried the body. The body was not recovered until nearly one year later.

I.

On September 21, 1977, the Allen County prosecutor filed an information charging appellant with first degree murder, alleging that she shot and killed Elmer Riggenbach. The basis of this count was a probable cause affidavit filed by Officer Beck of the Fort Wayne Police Department. This affidavit was based solely on information received by Officer Beck from appellant's half-brother, Jerry Miller. Miller subsequently changed his account of the incident and admitted that, in fact, he had actually pulled the trigger at appellant's request and that appellant had aided him in carrying out the crime.

Thereafter, on June 1, 1978, the defendant moved to dismiss, alleging that the information which had provided the probable cause for the affidavit had been proved to be false. Appellant argues that because Jerry Miller admitted under oath that he had lied in his original story as told to Officer Reed, there was therefore no probable cause to support the affidavit on which the information and the arrest were based. Thus, she claims, the information should have been dismissed. We do not agree.

Appellant's argument misconstrues the concept of probable cause. As this Court stated in *Smith v. State,* (1971) 256 Ind. 603, 607, 271 N.E.2d 133, 136:

"The test for probable cause to make an arrest is whether *at the time of the arrest* the facts and circumstances . . were sufficient to warrant a prudent man of reasonable caution in believing that

the arrestee had committed or was committing an offense. *Beck v. Ohio,* (1964) 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142." Emphasis added. *See Gaddis v. State,* (1977) 267 Ind. 100, 368 N.E.2d 244. Thus, whether probable cause existed for the arrest is determined by examining the facts and circumstances as they were known to be at the time of the arrest. That some of the underlying facts may be shown at a later date to be untrue does not change the fact that probable cause did exist for the arrest. Appellant does not argue that probable cause did not exist based upon Jerry Miller's original version of the incident. Therefore, we find no error as to this issue.

## II.

Based in part on Jerry Miller's new version of the incident, on July 18, 1978, the prosecution filed a second count to the information. Count II charged appellant with being an accessory before the fact of first degree murder. This count alleged that appellant counselled, encouraged, aided and abetted Jerry Miller in the killing of appellant's husband. At that point, appellant was charged as an accessory (Count II) and as a principal (Count I). On July 20, 1978, Riggenbach filed a motion to dismiss, alleging that the State had charged her with the same offense in both counts, and asking the court to require the prosecution to select the theory under which it wished to proceed. The court denied the motion. Appellant now asserts the trial court erred in this ruling.

■ Appellant claims she was unduly burdened and prejudiced by having to defend against "two inconsistent theories of prosecution." We recently disposed of a similar argument in *Vaughn v. State,* (1978) Ind., 378 N.E.2d 859. The defendant there alleged prejudice in being charged for the same killing with both premeditated murder and premeditated killing of a police officer. We held in *Vaughn*: "The question of whether the prosecution should be compelled to elect between counts, when those counts grow out of the same transaction, is within the sound discretion of the

trial court." *Id.* 378 N.E.2d at 863 [citations omitted]. In the case now before us, Count I, which charged appellant as a principal, was dismissed on the prosecutor's motion at the close of all the evidence. In addition, the facts which formed the basis for Count II were first revealed in a deposition of Jerry Miller taken by appellant. Thus, there could have been no surprise involved in having to defend against both counts. We fail to see how appellant was prejudiced by the trial court's failure to require the State to select before trial its theory of prosecution. *Moses v. State,* (1978) Ind., 382 N.E.2d 934, 936 (defendant charged with felony murder and premeditated murder for same killing); *Vaughn v. State,* supra. There was no error here.

## III.

■ Appellant next contends the trial court erred in admitting State's Exhibit number 20 into evidence. This exhibit was a letter written by appellant to her father. The evidence reveals that the deceased discovered and took the letter before appellant had a chance to mail it. Appellant stated in the letter that she was being bothered by someone whom she felt needed "to either be beat up good or done away with," and asked her father if he knew anyone "in this kind of business." The letter is dated August 16, 1976, approximately two months before appellant's husband was murdered. Appellant argues that the letter merely reflected her "private thoughts" and had no probative value. We disagree. Witness Jerry Miller testified that appellant told him she had written this letter asking her father for help in her "problems" with her husband. Appellant was charged with first degree murder of her husband. The letter reflects her desire to have someone "done away with," and was thus probative on the issue of intent. *See Kincaid v. State,* (1976) 265 Ind. 345, 352–53, 354 N.E.2d 199, 204, *cert. denied* (1977) 430 U.S. 972, 97 S.Ct. 1660, 52 L.Ed.2d 365; *Davidson v. State,* (1893) 135 Ind. 254, 259, 34 N.E. 972, 974. *See also Hill v. State,* (1979) Ind., 394 N.E.2d 132, 134; *Wilson v. State,* (1978)

Ind., 374 N.E.2d 45, 47; *Morris v. State,* (1977) 266 Ind. 473, 483, 364 N.E.2d 132, 139. The trial court properly admitted the letter into evidence.

## IV.

Appellant next challenges the sufficiency of the evidence. She urges that Jerry Miller admitted under oath that he had lied on previous occasions concerning this incident and was therefore not a credible witness. Appellant further argues that without Miller's testimony, the evidence against her is not sufficient to support the verdict.

We have consistently held that in reviewing an allegation of insufficient evidence, we will not reweigh the evidence. In deciding this question, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Brewer v. State,* (1979) Ind., 390 N.E.2d 648, 653; *Bryant v. State,* (1978) Ind., 376 N.E.2d 1123, 1126; *Ruetz v. State,* (1978) Ind., 373 N.E.2d 152, 156. Nor will this Court evaluate or determine the credibility of witnesses. To do so would invade the province of the jury, who, as trier of fact, are free to believe whomever they wish. *Love v. State,* (1979) Ind., 393 N.E.2d 178, 180; *Taggart v. State,* (1979) Ind., 390 N.E.2d 657, 659; *Sypniewski v. State,* (1977) 267 Ind. 224, 232, 368 N.E.2d 1359, 1364.

The evidence most favorable to the State shows that appellant Betty Ann Riggenbach contacted her half-brother, Jerry Miller, and expressed to him her desire to kill her estranged husband, Elmer Riggenbach. On Friday morning, October 22, 1976, appellant drove Miller to Elmer Riggenbach's house and indicated to Miller that she wanted him to shoot Elmer that morning. The two followed Mr. Riggenbach to his place of employment; however, according to Miller, there were too many people close by at that time, and he declined to do as she requested. On the following Monday, October 25, 1976, appellant again drove Miller to Elmer's house, after learning in advance that Elmer would be there alone. While appellant waited in her car, Miller went inside and shot Elmer. Appellant then assisted Miller in disposing of the body, and, in fact, supplied him with the shovel used to bury the body. We believe this evidence, together with other evidence discussed elsewhere in this opinion, is sufficient to support the jury's verdict of guilty of the lesser-included offense of second degree murder.

The judgment of the trial court is affirmed.

All Justices concur.