John Frederick THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 577S346.

Supreme Court of Indiana.

March 24, 1981.

David Keckley, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Judge.

Appellant Thomas was found guilty of robbery and kidnapping in 1966. He ap-pealed from this conviction and was grant-ed a new trial. *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919.

On March 27, 1969, after remand, the State filed additional charges. Upon retrial Thomas was found guilty of accessory after the fact to theft, and accessory after the fact to kidnapping. He was sentenced to a one-to-ten year term of imprisonment on the charge of accessory after the fact of theft, and life on accessory after the fact of kidnapping. The office of the Public De-fender of Indiana filed a belated motion to correct errors on behalf of Thomas and appealed. This Court affirmed the convic-tion. *Thomas v. State*, (1975) 262 Ind. 590, 321 N.E.2d 194.

Appellant filed a pro se petition for Post Conviction Relief on January 21, 1976. Counsel was appointed and after a hearing the trial court denied this petition on Octo-ber 29, 1976. This appeal followed.

Appellant states claims of error which relate to the fact that after remand, at his second trial, the State filed additional ac-cessory charges. He claims that it is im-proper and a violation of due process of law and common law to charge a person with being the principal in a crime and also with being an accessory after the fact to the same crime. He claims that the "delay" of two years and seven months between the offense and the filing of accessory charges was unreasonable and fundamentally un-fair. He also claims that the jurisdiction of the trial court was improper, and that he was denied the effective assistance of coun-sel at trial and on appeal.

All of these matters set forth in the Post Conviction Relief Petition were known to Thomas at trial and on direct appeal. How-ever, he couples his claims with a claim of ineffective assistance of counsel in which he asserts that all of the above claims he makes now should have been asserted at the trial and appellate level. He acknowledges that they were not made before but claims that he repeatedly asked his counsel to do so and that this amounts to ineffective as-sistance of counsel. The State Public De-fender's office stated to Thomas that they

would not advance these alleged errors on appeal because they were without merit. We agree.

### I.

 Thomas had been charged as a principal and granted a new trial. *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919. Two months after that opinion was handed down, the State filed the additional accessory charges. These charges were filed before the expiration of the five year period of limitations then in effect for filing felony charges, Burns 9–304, IC 1971 § 35–1–3–4 (repealed 1976). Petitioner claims that the delay in filing these charges caused substantial prejudice to his right to a fair trial. However, he cites no facts in support of this statement. It is also obvious that it was not unreasonable for the State to delay filing any additional charges until the decision granting a new trial was made. There is no error on this issue.

### II.

 On remand the State filed two additional charges of accessory after the fact of robbery and accessory after the fact of kidnapping. It was not error to charge appellant as principal as well as an accessory. This claim and argument has been disposed of in *Riggenbach v. State*, (1979) Ind., 397 N.E.2d 953. In *Riggenbach, supra*, appellant claimed she was unduly burdened and prejudiced by having to defend against "two inconsistent theories of prosecution" when she was charged with first degree murder and with accessory before the fact of murder in the first degree. Relying on *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859, which involved a defendant charged with both premeditated murder and premeditated killing of a police officer we held, "The question of whether the prosecution should be compelled to elect between counts, when these counts grow out of the same transaction, is within the sound discretion of the trial court." *Riggenbach, supra*, 397 N.E.2d 953, 955. In the present case, the two additional charges of accessory were filed on or about March 27, 1969.

The trial was postponed until September 17, 1969. Thus, there could have been no surprise involved in having to defend against both counts. We fail to see how appellant was prejudiced by the allowing of these two counts to be filed. *Riggenbach v. State, supra; Moses v. State*, (1978) 269 Ind. 698, 382 N.E.2d 934. There is no error on this issue.

### III.

 Thomas also alleges that venue was improper and complains because his counsel did not argue this point. He bases his contention on language that appeared in the opinion issued on his second appeal. He claims that this language states that his act in replacing a license plate was the positive physical act which allowed the jury to reach their verdict of guilty. This act took place in the State of Michigan. Appellant claims that therefore, venue in Indiana was improper and that his conviction is unconstitutional because it violated Article I, § 13 of the Indiana Constitution which states that the trial shall be in the county in which the offense shall have been committed. Again, no objection was made at trial or on appeal. Appellant claims that this further shows the ineffectiveness of his counsel. There is no merit to this claim. The exact language of the opinion related to a claim of insufficiency of the evidence and reads as follows:

> "The first issue is whether or not the evidence was sufficient to allow the jury to find that Defendant harbored, concealed, or assisted the principals with the intent that they escape from detection, capture, arrest or punishment. The evidence, from that point of view most favorable to the State, is that Defendant and one Jacobs and one Gardner were driving around trying to decide upon an establishment to rob. They decided to rob the Bank City Oil gas station. However, Defendant feared that he would be recognized by an employee so he was dropped off at the Doghouse Tavern two blocks from the gas station. Jacobs and Gardner took money from the attendant and ordered him into the back seat of the

car. Jacobs and Gardner then picked the Defendant up at the tavern and drove down a country road where the attendant, after having been required to strip, was let out. The three then drove to a side road in Michigan and, while Gardner put the attendant's clothes in some bushes, Defendant put the license plate, which Gardner had removed prior to the holdup, back on the car. They then drove to the mobile home where they were staying and split the money three ways. Defendant's share was about $15.00. Defendant's course of conduct before and after the crimes indicates an adoption and confirmation of the plan and execution of the crimes. The positive physical act of replacing the removed license plate is sufficient probative evidence to allow a jury to infer that he intentionally assisted the principals in their attempt to escape detection and apprehension. *Walker v. State*, (1964) 246 Ind. 386, 204 N.E.2d 850."

262 Ind. 590 at 591–92, 321 N.E.2d 194 at 195.

Read in context, it is apparent that this language did not limit the determination of the sufficiency of evidence of appellant's participation or conduct to the single act in Michigan. Rather, it is clear that his conduct before and after the crime and his act in Michigan were all related to the robbery committed in St. Joseph County, Indiana. The basis for venue in Indiana was sufficient. *Pollard v. State*, (1979) Ind., 388 N.E.2d 496; *Conrad v. State*, (1974) 262 Ind. 446, 317 N.E.2d 789. *See also McCabe v. State*, (1979) Ind., 396 N.E.2d 895.

## IV.

Appellant also claims that because the issues raised now were not raised as error by his trial and appellate counsels those attorneys were ineffective. He claims that it was error for his trial counsel not to object during cross-examination at his first trial and that there was error in a cautionary instruction which was offered.

There is a strong presumption that an attorney has properly discharged his duties to his client, and strong and convincing proof is required to overcome this presumption. To prevail on this issue, the appellant must show that what the attorney did or did not do made the proceedings a mockery of justice shocking to the conscience of the court. *Willis v. State*, (1980) Ind., 401 N.E.2d 683, 685; *Duncan v. State*, (1980) Ind., 400 N.E.2d 1112; *Ottman v. State*, (1979) Ind., 397 N.E.2d 273; *Herman v. State*, (1979) Ind., 395 N.E.2d 249.

The instances of ineffectiveness cited by the defendant here constitute trial strategy, and we have consistently held that we will not substitute our judgment for that of counsel. *Willis v. State, supra, McFarland v. State*, (1978) 269 Ind. 527, 381 N.E.2d 1061. The record in this case does not support petitioner's claim of ineffective assistance of counsel.

Judgment affirmed.

All Justices concur.