Harrison E. WELLS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 182S27.

Supreme Court of Indiana.

Aug. 9, 1982.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Harrison E. Wells, was convicted by a jury of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.), theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.), and was found to be an habitual offender. Ind.Code § 35–50–2–8 (Burns 1982 Supp.). He was sentenced to terms of eight, four, and thirty years for his respective crimes and habitual offender status. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred in permitting the state to amend the habitual offender count; and

2. Whether the trial court erred in sentencing defendant as an habitual criminal after he had been previously so adjudged and sentenced in a previous trial.

On the basis of Issue I, we reverse and vacate the judgment and sentence imposed on the habitual offender count and remand the cause for further proceedings; consequently, we do not reach the merits of defendant's claim of sentencing error.

The record reveals that sometime during the first week of January, 1981, carpet, linoleum, and a pair of scissors were stolen from the Hughes Carpet Store in Shelbyville, Indiana. A police investigation established that persons had entered the building by peeling the tin exterior sheeting away from the bottom corner of the structure. Newly installed linoleum matching that taken from the store was subsequently discovered in the kitchen of defendant's residence. The discovery prompted the state to file the burglary and theft charges to which the habitual offender count at issue was appended.

Defendant was arrested for the burglary of Hughes Carpet Store on January 5, 1981. Within the following eight days, four separate informations were filed against him. In one of the informations, denominated as cause number "CR 81–2A," he was charged with burglary and theft, together with an habitual offender count. In another information denominated as cause number "CR 81–4A," defendant was charged with an unrelated felony of theft by receiving stolen property.

On June 19, 1981, defendant was convicted of the theft charge detailed in cause number "CR 81–4A." On July 14, 1981, judgment was entered on the verdict and defendant was sentenced to four years' imprisonment.

On August 6, 1981, over defendant's objection, the state was permitted to amend the habitual offender count in information "CR 81–2A" to append as a prior felony conviction the theft conviction just obtained via cause "CR 81–4A." The defendant here asserts that the court erred in overruling his objection.

The state concedes the amendment was improperly permitted under a "fair reading" of this Court's decision in *Miller v. State*, (1981) Ind., 417 N.E.2d 339. There, defendant had been adjudged to be an habitual offender; two of the four prior felonies upon which the finding was based, however, had not been adjudicated at the time the principal offense of theft had been committed. We reversed the habitual offender finding and the thirty years' sentence imposed thereon, stating:

> "The jury found the defendant to be an habitual offender upon the charge which alleged four prior convictions and upon evidence as to all four. It is clear from the statute that to sustain a sentence under it, the State must show that the defendant had been previously *twice convicted* and *twice sentenced* for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction."
> *Id.* at 342 [emphasis original].

As per *Miller* and Ind.Code § 35–50–2–8, *supra*, the trial court erred when it permit-

ted the state to append the felony conviction and sentence of July 14, 1981, for defendant had not been convicted or sentenced for that offense prior to his alleged commission of the principal offenses charged in cause "CR 81–2A."

Conceding the error, the state argues that this Court should find the error harmless. It maintains the habitual offender finding may be sustained on the basis that evidence of two other prior unrelated felonies was properly admitted. We rejected an identical argument in *Miller*; the state, however, urges us to alter our position in *Miller* under the general rule that all reasonable inferences must be indulged in favor of the trial court's decision. *See, e.g., First Nat. Bank of Mishawaka v. Penn-Harrison-Madison School Corp.*, (1970) 255 Ind. 403, 265 N.E.2d 16.

We reject the state's invitation and argument. As in *Miller*, there are no special findings of fact to reveal the rationale for the conclusion that defendant qualified as an habitual offender. If the jury relied on the conviction of July 14, 1981, it utilized a conviction which the legislature did not include within the definition of habitual offender status. In these circumstances, the principle relied upon by the state must yield to the rule invoked by this Court in *Miller*:

> "A general verdict can not stand when the case was tried and submitted on two theories, one bona fide and the other not. *Bachellar v. Maryland*, (1970) 397 U.S. 564, 569–71, 90 S.Ct. 1312, 1315–16, 25 L.Ed.2d 570, 575–76; *Williams v. North Carolina*, (1942) 317 U.S. 287, 291–92, 63 S.Ct. 207, 210, 87 L.Ed. 279, 282, 143 A.L.R. 1273." *Miller v. State, supra*, at 343.

On the basis of *Miller*, we conclude the state's amendment of the habitual offender count constituted reversible error. We must therefore remand the cause to the trial court with instructions to reverse and vacate the judgment and sentence entered on the habitual offender count and to sustain defendant's objection of August 6, 1981, to the state's amendment of the habitual offender count. The cause is remanded for further proceedings not inconsistent with this opinion. *Miller v. State, supra; see also, Havens v. State*, (1981) Ind., 429 N.E.2d 618.

Reversed and remanded.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.