**Jack W. FOZZARD, Appellant,**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee,**
**(Plaintiff Below).**

No. 784 S 303.

Supreme Court of Indiana.

Feb. 2, 1988.

Diane M. McNeal, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Jack W. Fozzard was found guilty by jury of murder and of being an habitual offender. The court sentenced him to an aggravated term of fifty (50) years on the murder conviction and enhanced the sentence by thirty (30) years for the habitual offender finding. Fozzard directly appeals raising the following issues for our review:

1. admissibility of tape recordings which detailed conversations between Fozzard and a confidential informant;

2. admissibility of certified records, during the habitual offender phase of the trial;

3. admissibility of State's exhibits 7 and 8, autopsy photographs.

The facts show that during the late evening hours of February 14, 1980, and the early morning hours of February 15, 1980, Fozzard was visiting the Capers Lounge, in Hammond, Indiana. While at the Capers Lounge, Fozzard and the deceased victim,

Robert Alvarez, became involved in an argument concerning one of the female employees. To avoid the argument, Fozzard left the table where the argument was occurring and moved to another table in the bar. Shortly after the initial argument, Alvarez confronted Fozzard for a second time at which point Fozzard left the bar. Alvarez followed Fozzard outside and continued to argue. Fozzard told Alvarez to get into his car to avoid any further problems. Alvarez then allegedly lunged at Fozzard. Fozzard pulled a gun from his belt and shot Alvarez in the chest. Fozzard believed he had killed Alvarez. However, Alvarez called Fozzard's name and begged for mercy. Fozzard then walked over to Alvarez, shot him in the right temple and cut his throat.

## I

Fozzard claims the trial court erred in admitting into evidence the testimony and tapes of conversations which took place between him and a confidential informant, in that the evidence was in violation of his Fourth Amendment rights.

A paid government informant signed a written consent to be fitted with an electronic eavesdropping device and to have his conversations be transmitted by the device and recorded by other electronic devices. Thus, on March 15, 1980, police agents concealed a radio transmission device on the informant. On that date, Fozzard was a guest in the informant's residence, at a trailer park in Louisiana. During the evening, the informant engaged Fozzard in conversations which were broadcast to police agents hidden nearby. The agents recorded the conversations and later, the recordings were transcribed. Edited versions of the original recordings were made of the conversations between the informant and Fozzard concerning the death of Robert Alvarez. The informant did not testify at trial, but the edited recordings and testimony of the electronically eavesdropping government agents were brought before the jury over Fozzard's pre-trial motions in limine and objections at trial.

Fozzard urges this Court to overrule *United States v. White* (1971), 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453, *reh. denied* 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed. 2d 156, by applying *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576. In *Katz v. United States*, government agents, without the defendant's consent or knowledge, attached a listening device to the outside of a public telephone booth and recorded the defendant's end of his telephone conversations. In declaring the recordings inadmissible in evidence in the absence of a warrant authorizing the surveillance, the Court held that the absence of physical intrusion into the telephone booth did not justify using electronic devices in listening to and recording Katz's words, thereby violating the privacy on which he justifiably relied while using the telephone in those circumstances.

*Katz* was later distinguished as involving no revelation to the Government by a party to conversations with the defendant. Further, the *Katz* Court did not indicate in any way that a defendant has a justifiable and constitutionally protected expectation that a person with whom he is conversing will not then or later reveal the conversation to the police. *United States v. White*, 91 S.Ct. at 1124–25. In *White*, where a radio transmitter was concealed on an informant with the informant's knowledge, and where conversations between the informant and the defendant at various locations, including the defendant's home, were overheard when the frequency of the transmitter was monitored, without warrant, by government agents, who testified as to the conversations at defendant's trial, there was no violation of defendant's Fourth Amendment right to be secure against unreasonable searches and seizures. The *White* Court stated:

A police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights. For constitutional purposes no different result is required if the agent

instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he is carrying on his person, (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency. If the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks. (citations omitted).

*United States v. White,* 91 S.Ct. at 1126.

■ As the State notes, *United States v. White* rejected the proposition that Fozzard now urges this Court to follow. Moreover, the State observes that relevant portions of Fozzard's voluntary confession to the Hammond Police Department were also admitted into evidence. Reversal may not be predicated on the erroneous admission of evidence when evidence of the same probative effect is admitted without objection. *Sutton v. State* (1981), Ind.App., 422 N.E.2d 430, 432. Thus, this issue presents no reversible error.

## II

Fozzard claims the trial court erred by admitting inadmissible evidence, over objection, during the habitual offender portion of the trial. He claims the State's evidence of his prior felony convictions is insufficient, in that the State failed to prove he was the same person reflected in State's Exhibit No. 5, certified records from the United States Penitentiary at Terre Haute, Indiana.

■ Fozzard's counsel objected to the admission of State's Exhibit No. 5 based on the failure of the State to call the prison's keeper of the records to authenticate the matters as pertaining to Fozzard. The grounds for objection on appeal must be the same as those made at trial and any grounds not raised in the trial court are not available on appeal. *Wallace v. State* (1983), Ind., 453 N.E.2d 245, 247. Fozzard's argument here regarding State's Exhibit No. 5 is different from that objection made at trial, and as such, the issue is waived.

■ Further, there was adequate evidence that the documents of prior felonies referred to the same Jack Fozzard. Sergeant Townsell, who testified against Fozzard in the instant case, testified that Fozzard gave his date of birth as April 23, 1941 in his statement to the police concerning the Alvarez killing. State's Exhibit No. 4, certified federal court records, showed Fozzard's indictment and commitment for two federal offenses. Fozzard was sentenced on January 31, 1972 for his July 13, 1971 possession of an unregistered firearm and possession of a firearm not identified by a serial number. Fozzard was sentenced on October 1, 1973 for his April 1, 1973 possession with intent to distribute narcotics. State's Exhibit No. 5, certified records from the United States prison system, was shown to the jury. The exhibit showed a picture of a Jack Fozzard who was born on April 23, 1941. The jury could reasonably find from such evidence that the Jack Fozzard before them was the same Jack Fozzard previously convicted of the documented felonies and could reasonably find Fozzard to be an habitual offender. *See Barker v. State* (1986), Ind., 491 N.E.2d 522, 524; *Reed v. State* (1986), Ind., 491 N.E.2d 182, 188–89.

■ There is an additional issue in the habitual offender determination that is apparent in the record. Fozzard committed, and was convicted of, the three felonies as follows:

| Cause No. | Offense | Date of Commission | Date of Conviction | Date of Sentencing |
|---|---|---|---|---|
| 42414 | Involuntary Manslaughter | 12/20/70 | 9/20/74 | 9/27/74 |
| TH73-CR-27 | Possession of A Controlled Substance | 4/1/73 | | 10/1/73 |

| Cause No. | Offense | Date of Commission | Date of Conviction | Date of Sentencing |
|---|---|---|---|---|
| 71 S CR–63 | Possession of Unregistered Firearm | 7/13/71 | | 1/31/72 |

Our statute, I.C. § 35–50–2–8, and case law require that a defendant commit the first felony and be sentenced for that crime prior to commission of the second felony. *Miller v. State* (1981), 275 Ind. 454, 459, 417 N.E.2d 339, 342. In this instance, Fozzard committed the involuntary manslaughter in 1971 but was not convicted and sentenced until 1974. It was therefore error to present evidence of the involuntary manslaughter conviction during the habitual offender phase of the trial because the other two felonies alleged occurred between commission of the manslaughter and conviction. This is the same situation we noted in *Wells v. State* (1982), Ind., 437 N.E.2d 1333 and *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. We therefore reverse the habitual criminal conviction and sentencing and remand this cause to the trial court on the habitual count for a new determination untainted by the use of the ineligible conviction.

### III

Fozzard claims the trial court erred by admitting into evidence, over objections, State's Exhibits 7 and 8. The exhibits were photographs taken at autopsy depicting, respectively, the right side of the victim's head and an apparent entrance wound to the head, and the left side of the victim's head and an apparent exit wound from the head. Fozzard claims Exhibit 7 was a duplicate of State's Exhibit 2, which depicted the crime scene and the victim. He further claims the exhibits are cumulative, prejudicial, irrelevant and that the exhibits were put into evidence to inflame the minds of the jury and excite their feelings. Admission of photographs is within the sound discretion of the trial court. The decision will not be disturbed unless the trial court abuses its discretion. When photographs are demonstrative of testimony being presented by a witness, they are generally admissible. *Drollinger v. State* (1980), 274 Ind. 5, 18, 408 N.E.2d 1228, 1237. Although the photographs may depict gory, revolting, or inflammatory details of the crime when presented to the jury, this is not a sufficient basis for excluding such evidence. *Id.* Here the photographs depict the nature and extent of the victim's wounds and tend to prove the cause of death. They were, therefore, properly admitted.

We reverse the habitual criminal conviction and sentencing, and remand to the trial court on the habitual count. The trial court is in all other respects affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.