**Samuel CALDWELL, a/k/a Ronnie Smith, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 41S00-8606-CR-00579.

Supreme Court of Indiana.

Sept. 2, 1988.

Richard L. Tandy, Wilson, Limeberry & Tandy, Greenwood, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant entered pleas of guilty to Count I, Attempting to Defraud a Financial Institution, Class C Felony, and Count II, Defrauding a Financial Institution, Class C Felony. Appellant was also alleged to be an habitual offender and that question was tried before the court. Appellant was determined to be an habitual offender and sentenced to consecutive five (5) year sentences for Counts I and II with a twenty-five (25) year enhancement to commence following service of these sentences as a result of the habitual determination. On appeal, appellant challenges the validity of the habitual offender finding.

The State alleged in a separate Count III, and introduced evidence to prove, that prior to the crimes herein appellant had in fact been convicted of two felonies. However, those convictions will not support an habitual offender determination.

Indiana's habitual offender statute, I.C. § 35–50–2–8, provides that a person may be deemed an habitual offender if the State has proven beyond a reasonable doubt that he has accumulated two prior unrelated felony convictions. The meaning of "prior unrelated felony convictions" was determined by this court in *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339:

> "It is clear from the statute that to sustain a sentence under it, the State must show that the defendant had been previously *twice convicted* and *twice sentenced* for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction."

*Id.* 417 N.E.2d at 342.

Appellant committed the offense of forgery in Illinois on December 2, 1978. He committed the offense of forgery in Wisconsin on April 27, 1979. He was not convicted of the Illinois forgery until May 18, 1979. The second offense, the Wisconsin forgery, was committed prior to either conviction or sentencing for the first Illinois forgery. Consequently, appellant had not in fact been convicted of two prior unrelated felonies, as required by I.C. § 35–50–2–8. The habitual offender determination is reversed and the sentence enhancement based thereon vacated.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.