Annetta M. SCHWEITZER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 32S00–8704–CR–00438.

Supreme Court of Indiana.

Jan. 5, 1989.

Ken A. Elmendorf, Elmendorf, Meyer & Freese, Brownsburg, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Annetta M. Schweitzer appeals from her convictions of criminal deviate conduct, a class A felony, and neglect of a dependent, a class B felony. We regroup the issues raised by the defendant as follows: 1) multiplicity of charges; 2) absence of probable cause for the information; 3) search warrant; 4) pretrial publicity; 5) admission of photographs and a witness's drawing.

### Multiplicity of Charges

The information charged the defendant with criminal deviate conduct, neglect of a dependent and battery. All three charges alleged that the defendant had inserted her finger or an object into the rectum of a seventeen month old girl who was temporarily in the defendant's care. The trial court denied the defendant's pretrial motion to dismiss the counts. Upon the State's request at trial, the trial court dismissed the battery charge. The defendant contends that the charging of multiple crimes based on the same act unduly burdened and prejudiced her case. In its brief, the State suggests that the conviction for neglect of a dependent should be vacated on double jeopardy grounds.

The State is not required to dismiss alleged repetitive charges where the information complies with its statutory requirements. *Owen v. State* (1978), 269 Ind. 513, 381 N.E.2d 1235. In its discretion, a trial court may compel the State to elect between the charges brought against the defendant. *Vaughn v. State* (1978), 269 Ind. 142, 378 N.E.2d 859. "It is of no consequence to this rule that the multiple crimes charged arose from the same crimi-

nal act." *Id.* at 147, 378 N.E.2d at 863. Finding no abuse of discretion by the trial court, the *Vaughn* court held that the charging of multiple crimes for the same act did not prejudice the defendant. *See Thomas v. State* (1981), 275 Ind. 499, 417 N.E.2d 1124 (defendant was not prejudiced by State charging him in separate counts as principal and as accessory); *Moses v. State* (1978), 269 Ind. 698, 382 N.E.2d 934 (defendant was not prejudiced by error in information or indictment where trial court acquitted him of erroneously charged crime).

■ In the present case, the defendant has not asserted that the information fails to comply with its statutory requirements nor has she stated how she was particularly prejudiced. Because multiple charges alone are not prejudicial, the trial court properly denied the defendant's motion to dismiss the counts. In light of the State's concession on the double jeopardy issue, this Court will remand the case to the trial court for the purpose of vacating the neglect conviction.

### Absence of Probable Cause in the Information

The defendant contends that Count I of the information, charging criminal deviate conduct, should have been dismissed due to the absence of probable cause.

■ An information which is not the basis for an arrest warrant is not affected by a deficiency in the probable cause affidavit. *State v. King* (1987), Ind.App., 502 N.E.2d 1366; *Rutledge v. State* (1983), Ind.App., 452 N.E.2d 1039. *See State v. Palmer* (1986), Ind.App., 496 N.E.2d 1337. The probable cause affidavit relates to the pretrial detention of the defendant, not to the charging instrument. *Gilliam v. State* (1978), 270 Ind. 71, 383 N.E.2d 297. The same is true for probable cause testimony given in lieu of an affidavit pursuant to Ind.Code § 35–33–5–2(c).

■ Even if the probable cause testimony was deficient, the trial court properly denied the defendant's motion to dismiss the criminal deviate conduct charge as the information was not used as the basis for the arrest of the defendant.

### Search Warrant

In an unsuccessful pretrial motion to suppress, the defendant challenged the issuance of a search warrant which permitted the police to obtain a curling iron from the defendant's home. The defendant also sought to suppress her incriminating statements made to two officers on the evening of her polygraph examination. The defendant's confession provided some of the information which established probable cause to search for the curling iron. At trial the defendant objected to the admission of the curling iron, but failed to object to the officers' testimony on her confession. The defendant now asserts that both the curling iron and the confession should have been suppressed.

■ A motion to suppress does not preserve error for appellate review. The movant must also object at trial when the evidence is offered. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102. The defendant's failure to object at trial to the officers' testimony prevents this Court from reviewing the issue of the voluntariness of her confession.

■ Likewise, because the defendant's trial objection to the admission of the curling iron did not refer to or incorporate her arguments made in support of the motion to suppress, these contentions were waived. Her objection at trial solely asserted that the exhibit had been insufficiently identified, but she does not further assert this argument on appeal. We therefore find no error on this issue.

### Pretrial Publicity

The trial court denied the defendant's pretrial alternative motions for change of venue or for jury sequestration due to pretrial publicity. The defendant had presented one inflammatory letter to the editor and several local news articles which reported the police version of the crime. In a sample voir dire, seventeen of eighteen prospective jurors had read or heard about the

case. Of the seventeen, twelve stated that they could render an impartial decision, two stated that they could not and three expressed some doubt on impartiality. Throughout the trial, the judge repeatedly admonished the jury to refrain from discussing the case with anyone and from viewing media coverage on the case. The defendant now asserts that the trial court abused its discretion in denying her motion because of the pervasive impact of the pretrial publicity.

To establish the trial court's abuse of discretion in denying a motion to change venue, the defendant must show prejudicial pretrial publicity and juror inability to render an impartial verdict on the evidence. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085; *Slone v. State* (1986), Ind., 496 N.E.2d 401; *Smith v. State* (1985), Ind., 474 N.E.2d 973. Assuming the letter and articles are inflammatory material, the defendant can only establish that most prospective jurors had probably heard of her case. She cannot, however, carry her burden of showing that the jurors could not render an impartial verdict. The responses of most of the sample jurors contradict her contention.

The defendant alternatively moved for sequestration of the jury. In a non-capital case, sequestration of the jury is a matter within the sound discretion of the trial court. *Harris v. State* (1985), Ind., 480 N.E.2d 932. To succeed in showing abuse of discretion, the defendant must show that the jurors were exposed to trial publicity or that they violated an admonition to refrain from viewing media coverage. *Id.* at 935; *See Karlos v. State* (1985), Ind., 476 N.E.2d 819, 823. In the present case, the defendant has not shown that any juror violated the trial court's admonition to avoid exposure to media coverage of the trial. The motion was properly denied.

### Admission of Photographs and Drawing

The defendant asserts that the trial court erred in admitting into evidence photographs of the victim's injuries and a draw-ing made by the victim's brother of the layout of the room in which he saw the defendant harm the victim. She contends that the graphic photographs are unduly prejudicial. The drawing, she claims, lacks the proper foundation of being an accurate portrayal of the room.

The trial court, in its discretion, may admit photographs which depict graphically the injuries of the victim. *Fozzard v. State* (1988), Ind., 518 N.E.2d 789; *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 [death penalty]. The defendant must show that the improper influence of the photographs on the jury outweighs their probative value to an extent that they are unduly prejudicial. *Lowery*, at 1225. Photographs which demonstrate a witness's testimony are generally admissible. *Fozzard*, 518 N.E.2d at 793. In the present case, the photographs depict the nature and extent of the victim's injuries as testified to by the physicians. The graphic nature of the injuries depicted does not alone unduly prejudice the defendant. *Id.* We cannot find that the trial court erred in admitting the photographs.

The admission of a drawing of the crime scene is also within the discretion of the trial court. *Owensby v. State* (1984), Ind., 467 N.E.2d 702. The drawing need not be a perfect depiction of the scene where its purpose is to assist the jury in understanding the testimony of a witness. *Id.* at 709. In the present case, the drawing by the victim's brother, an eight-year old child, showed the room in which he witnessed the defendant harm his sister. The trial court properly acted within its discretion in admitting the drawing into evidence.

The trial court's conviction for criminal deviate conduct is affirmed. The case is remanded for the trial court to vacate the conviction for neglect of a dependent.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.