**Diamond STITES, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 71A03–9309–CR–292.

Court of Appeals of Indiana, Third District.

Jan. 31, 1994.

Julie P. Verheye, Mishawaka, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Diamond Stites appeals her conviction of disorderly conduct, a class B misdemeanor,[1] presenting for our review the sole issue of whether the conviction is supported by sufficient evidence.

We affirm.

On March 28, 1993, South Bend police officers responded to a call from 728 North Harrison Street, where seven individuals were engaged in a loud, noisy argument. The officers succeeded in calming all members of the group except Stites, who persisted in shouting obscenities. Officer David Beaty repeatedly requested that Stites "calm down"; eventually, Officer Scott Ruszkowski told Stites to "shut up." After Stites responded with further loud obscenities, she was placed under arrest.

To convict Stites of disorderly conduct as charged, the State was required to establish that Stites "recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop." I.C. 35–45–1–3(2).

Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

Here, the State presented evidence that Stites persisted in "yelling and screaming" obscenities despite repeated requests that she "calm down." Record, pp. 15–16, 25. Stites does not contend that the decibel level she employed was reasonable. Rather, she claims that her utterance of obscenities was constitutionally protected speech.

The State replies that the loud and obnoxious use of obscenities is sufficient to sustain a disorderly conduct conviction, relying upon *Gamble v. State* (1992), Ind.App., 591 N.E.2d

142, 144 (conviction under I.C. 35–45–1–3(2) proper where defendant screamed "at the top of his lungs" such phrases as "fuck you guys" and "kill that fucking pig").

Recently, in *Price v. State* (1993), Ind., 622 N.E.2d 954, our supreme court observed "Section 35–45–1–3(2) is aimed at the intrusiveness and loudness of expression, not whether it is obscene or provocative." *Id.* at 960, n. 6. Price "very loudly" protested the arrest of herself and another individual; her protests were accompanied by the use of obscenities. While expressly disapproving Price's use of obscenities, the supreme court concluded that the objective of Price's speech was to protest police conduct. Therefore, she engaged in constitutionally protected political speech. *Id.* at 961.

In accordance with *Price*, we do not focus upon the obscene character of Stites' speech because the disorderly conduct statute is content-neutral. We are concerned with whether Stites exercised her constitutionally protected right to comment on a matter of public concern. The record does not indicate that Stites was protesting the appropriateness of police conduct. Rather, the record discloses that Stites was concerned with perpetuating a disagreement with her ex-boyfriend and his companions in a very loud, screaming voice:

Officer Beaty: I talked to the main complainant which I later learned to be Diamond Stites. She stated she was the one who called for the police, that she was having a problem with her ex-boyfriend who was in the group that Sergeant Ruszkowski was talking to. She said that he had come over harassing her. She said that they were in an argument. She had went over to their house—, her story changed several times. I could never determine what the actual problem was.

Question: What was her demeanor as you talked to her?

Officer Beaty: Very loud, boisterous, rude, vulgar, swearing obscenities, not only at me, but at the other party, her ex-boy-

1. IND.CODE 35–45–1–3(2).

friend who was with Officer Ruszkowski trying to yell to get his attention.

Record, p. 15.

Officer Ruszkowski: Ms. Stites came out in the middle of the street and started yelling at the group who I was talking to that was walking south on Harrison toward Lincoln-way.

Record, pp. 35–36.

Officer Ruszkowski: She ran out in the middle of the street from right next to my car while she was still yelling at the other group that was still walking away. It was nothing directed at me that I was aware of.

Record, p. 42.

■ The mere presence of a police officer does not convert a defendant's speech into political expression. *Price, supra,* at 961, n. 8. The State presented sufficient evidence that Stites made unreasonable noise and continued to do so after being asked to stop.

Affirmed.

GARRARD and MILLER, JJ., concur.