**Stephan HOOKS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9502–CR–57.**

Court of Appeals of Indiana.

Jan. 31, 1996.

Transfer Denied March 21, 1996.

---

William F. Thoms, Jr., Indianapolis, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARTEAU, Judge.

A jury convicted Stephan Hooks of disorderly conduct. Hooks argues on appeal that his conviction must be reversed because it constitutes unconstitutional punishment of protected speech.

### FACTS

As a police officer approached several men standing around Hooks's car, the men dispersed and Hooks backed his car down the street, around a corner, and stopped in front of his mother's house. Hooks exited the vehicle and walked toward the house. The police officer asked Hooks to stop to speak with him, but Hooks shouted a refusal and went into the house.

The police officer ran a check on Hooks's vehicle and discovered that it had not been registered with the Bureau of Motor Vehicles. The officer prepared to have the vehicle towed. Hooks and his brother then came out of the house and began to scream obscenities at the police officer. The officer asked the men to quiet down, as did other officers who arrived at the scene. However, Hooks continued to shout obscenities at the officer, so loudly that he could be heard across the street.

### DISCUSSION

 In recent decisions, Indiana courts have considered the extent to which our legislature may regulate speech through the disorderly conduct statute. *See Price v. State* (1993), Ind., 622 N.E.2d 954; *Radford v. State* (1994), Ind.App., 640 N.E.2d 90, *trans. denied* (opinion on rehearing); *Whittington v. State* (1994), Ind.App., 634 N.E.2d 526; *Stites v. State* (1994), Ind.App., 627 N.E.2d 1343. What clearly may be gleaned from these decisions in the context of those cases and the case at bar is that speech is protected under the constitution where it is aimed at protesting the actions of police, rather than hindering or obstructing police duties or investigations. *Compare Price*, 622 N.E.2d at 964 *and Whittington*, 634 N.E.2d at 527, *with Radford*, 640 N.E.2d at 94, *and Stites*, 627 N.E.2d at 1344. Nonetheless, even assuming that Hook's speech was protected under the Constitution, his conviction must be affirmed under the evidence presented.

 The prohibition against unreasonable noise in Indiana's disorderly conduct statute, Ind.Code 35–45–1–3(2), is aimed at the intrusiveness and loudness of expression, not whether the content of the language is obscene or provocative. *Price*, 622 N.E.2d at 960 n. 6. To sustain a conviction, the State must show that the complained-of speech infringed upon the right to peace and tranquility enjoyed by others. *Whittington*, 634 N.E.2d at 527. In *Whittington*, we reversed the defendant's conviction for shouting at police who were summoned to his apartment because the State failed to demonstrate that Whittington's screams were overheard by his neighbors. *Id.* at 527. To this end, the State presented evidence that Hooks's screaming was heard by neighbors across the street from his mother's house. The jury could reasonably conclude from this evidence that Hooks's speech infringed upon the peace and tranquility of others.

Citing our Supreme Court's decision in *Price*, 622 N.E.2d at 964, the dissent concludes that Hooks's shouting could have been no more than a "fleeting annoyance." The law is clear that we may not reweigh evidence on appeal. *Spangler v. State* (1993), Ind., 607 N.E.2d 720, 724; *King v. State* (1990), Ind., 560 N.E.2d 491, 492, *reh'g denied*. If there is evidence of probative value from which the trier of fact could reasonably find guilt beyond a reasonable doubt, the conviction must be affirmed. *McDonald v. State* (1987), Ind., 511 N.E.2d 1066, 1068. Here, the State produced evidence that Hooks's screams were overheard by his neighbors. From that evidence, a jury could reasonably conclude that his shouting invaded the peace and tranquility enjoyed by others, and was not merely a "fleeting annoy-

ance." It is the role of the jury, and not this Court, to make such a factual determination from the evidence presented.

AFFIRMED.

NAJAM, J., concurs.

ROBERTSON, J., dissents with opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. The majority holds that unamplified, verbal, politically protected speech expressed on a city street may be punished as a crime because that speech was overheard by persons across the street. I am a bit confused. It seems to me that only that speech which may be overheard could possibly require First Amendment protection. The majority would appear to uphold First Amendment protection to the sound of one hand clapping, but not two.

The First Amendment recognizes that a certain amount of expressive disorder not only is inevitable in a society committed to individual freedom but must itself be protected if that freedom is to survive. *City of Houston, Texas v. Hill* (1987), 482 U.S. 451, 472, 107 S.Ct. 2502, 2515, 96 L.Ed.2d 398. The prohibition against "unreasonable noise" in Indiana's Disorderly Conduct statute, Ind. Code 35–45–1–3(2), is aimed at the intrusiveness and loudness of expression, not whether it is obscene or provocative. *Price v. State* (1993), Ind., 622 N.E.2d 954, 960, n. 6. The State cannot meet its burden of proof merely by establishing that the defendant issued epithets; but rather, the State must show that the speech infringed upon the right of peace and tranquility enjoyed by others. *Whittington v. State* (1994), Ind.App., 634 N.E.2d 526, 527 (Judge Hoffman dissenting). The determination of whether loud speech is unduly intrusive and unreasonable, and will thus support a conviction for Disorderly Conduct, requires consideration of the forum employed. *Id.* Whether particular speech is protected, or punishable as Disorderly Conduct, must be determined on a case by case basis. *Radford v. State* (1994), Ind.App., 640 N.E.2d 90, 94, (Judge Friedlander dissenting), *trans. denied.*

In *Price*, 622 N.E.2d 954, the defendant loudly protested police conduct in an alley early in the morning on New Year's day. Our supreme court reversed Price's Disorderly Conduct conviction holding that her speech was constitutionally protected political speech that amounted to no more than a "fleeting annoyance." *Id.* at 964. Similarly, in *Whittington*, 634 N.E.2d 526, we reversed the defendant's Disorderly Conduct conviction where he had been shouting at the police who had come to his apartment in response to a domestic disturbance. *Id.* at 527.

In *Radford*, 640 N.E.2d 90, the defendant engaged in a loud confrontation with a police officer in a hospital corridor near the nursery. *Id.* at 92. We upheld Radford's Disorderly Conduct conviction holding that her speech was not politically protected as it had been intended to evade the police officer's investigation of whether Radford had been in possession of stolen property. *Id.* at 94. Similarly, in *Stites v. State* (1994), Ind.App., 627 N.E.2d 1343, we upheld a Disorderly Conduct conviction where the purpose of the defendant's shouting was to perpetuate a disagreement with her ex-boyfriend rather than to protest police involvement. *Id.* at 1344.

In the present case, the speech punished was Hooks' unamplified, verbal protest against the police officer's conduct in preparing to tow away Hooks' car. The forum employed was a city street. The magnitude of the infringement upon the peace and tranquillity of others could not have surpassed the "fleeting annoyance" described in *Price*, 622 N.E.2d at 964. Hooks' politically protected speech was the type of expressive disorder inevitable in a society committed to individual freedom which itself must be protected if that freedom is to survive. *City of Houston*, 482 U.S. at 472, 107 S.Ct. at 2515.

Accordingly, Hooks' conviction for Disorderly Conduct should be reversed.