## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2019, 9:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Brown,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 11, 2019

Court of Appeals Case No.
19A-CR-1890

Appeal from the Marion Superior Court

The Honorable Clayton A. Graham, Judge

Trial Court Cause No.
49G07-1904-CM-16609

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Christopher Brown (Brown), appeals his convictions for disorderly conduct, a Class B misdemeanor, Ind. Code § 35-45-1-3(a)(2); and resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1(a)(1).

We affirm.

# ISSUE

Brown presents one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support his conviction for disorderly conduct.

# FACTS AND PROCEDURAL HISOTRY

On April 14, 2019, Indianapolis Police Officer William Bueckers (Officer Bueckers), working with the Special Event Team in downtown Indianapolis, was stationed outside Club Blu at the corner of South Meridian Street and Jackson Street. Around 2:30 a.m., prior to the bars closing, Officer Bueckers heard Brown make comments to several women outside Club Blu and noticed the women "were not happy." (Transcript p. 47). Brown was loud "enough to draw [the officer's] attention." (Tr. p. 58). The officer was able to hear both of them because not many people were on Meridian Street "because of the rain." (Tr. p. 58). As the officer approached, he heard Brown make sexually explicit remarks towards the women, use profanity, and state that he "wanted to fuck every one of them[.]" (Tr. p. 47). Attempting to defuse the situation, Officer

Bueckers informed Brown that it was time for him to leave and walked him a little north of Meridian Street.

[5] Approximately thirty minutes later, Officer Bueckers observed another disturbance in front of Club Blu and noticed that Brown had returned. Again, Brown was making sexually explicit statements towards the women and they "were really, really agitated this time." (Tr. p. 48). Brown was "very loud, boisterous, yelling, screaming, ranting and raving."(Tr. p. 77). Officer Bueckers escorted Brown down Meridian Street and onto Jackson Street. As the officer walked Brown away, Brown continued to make comments to the women. Upon entering Jackson Street, Officer Bueckers informed Brown that he was under arrest for disorderly conduct. Brown shook free from the officer's grip and took off running. Ignoring the officer's order to stop, Brown ran between two vehicles and took "a fighting pose by lifting his hands up." (Tr. p. 50). Officer Bueckers gave Brown the taser warning, but because the taser "was not active," Brown was able to continue fleeing. (Tr. p. 54).

[6] After Brown continued running down Jackson Street, he jumped over a gated area outside another bar where he tripped over some tables and chairs. After Brown had fallen down, other officers attempted to subdue him. Brown continued to kick at the officers and refused to comply with commands to stop resisting and present his hands. Officer Bueckers successfully deployed his taser and the officers were able to place Brown in handcuffs.

[7] On April 30, 2019, the State filed an Information, charging Brown with disorderly conduct as a Class B misdemeanor, and two Counts of resisting law enforcement, Class A misdemeanors. On July 11, 2019, the trial court conducted a jury trial. At the close of the evidence, the jury found Brown guilty of disorderly conduct and one Count of resisting law enforcement. Because the jury was deadlocked on the second Count of resisting law enforcement, the State moved to dismiss the Count, which was granted by the trial court. On July 12, 2019, the trial court sentenced Brown to 365 days, with 357 days suspended, on the disorderly conduct charge and to 180 days, with 172 days suspended, on the resisting law enforcement charge, with sentences to run concurrent.

[8] Brown now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Brown contends that the State failed to present sufficient evidence beyond a reasonable doubt to support his conviction for disorderly conduct. Our standard of review with regard to sufficiency claims is well-settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Clemons v. State*, 987 N.E.2d 92, 95 (Ind. Ct. App. 2013). We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id*. Circumstantial evidence alone is sufficient to support a conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016).

Circumstantial evidence need not overcome every reasonable hypothesis of innocence. *See Clemons*, 987 N.E.2d at 95. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

[10] To convict Brown of disorderly conduct as a Class B misdemeanor, the State was required to establish beyond a reasonable doubt that Brown, "recklessly, knowingly, or intentionally [made] unreasonable noise and continue[d] to do so after being asked to stop[.]" *See* I.C. § 35-45-1-3(a)(2). "[T]o support a conviction for disorderly conduct, the State must prove that the defendant produced decibels of sound that were too loud for the circumstances." *Johnson v. State*, 719 N.E.2d 445, 448 (Ind. Ct. App. 1999) (emphasis omitted). Brown's sole argument focuses on the "unreasonable noise" prong of the charge. Specifically, he claims that there is no evidence Brown was being any louder than anyone else in the area. We find his argument unavailing as it essentially requests us to reweigh the evidence of the case, which we are not allowed to do. *See Clemons*, 987 N.E.2d at 95.

[11] Notwithstanding Brown's argument, we find that the State carried its burden. The State presented evidence that Officer Beuckers was stationed near Club Blu on Meridian Street when Brown drew the officer's attention by making loud comments to several women. At the time, it was raining and not many people were on the street. Upon approaching, Officer Beuckers noticed the women getting agitated and the officer told Brown to leave. When Brown returned approximately thirty minutes later, Brown again drew Officer Beuckers'

attention by being "very loud, boisterous, yelling, screaming, ranting and raving." (Tr. p. 77). He was making sexually explicit statements towards women and they "were really, really agitated this time." (Tr. p. 48). *See Hooks v. State*, 660 N.E.2d 1076, 1077 (Ind. Ct. App. 1996) ("To sustain a conviction, the State must show that the complained-of speech infringed upon the right to peace and tranquility enjoyed by others."), *trans. denied*. Based on the facts before us, we conclude that the State presented sufficient evidence to sustain Brown's conviction as he was making unreasonable noise and disturbing the peace of several women on Meridian Street.

## CONCLUSION

[12] Based on the foregoing, we hold that the State presented sufficient evidence beyond a reasonable doubt to support Brown's conviction for disorderly conduct.

[13] Affirmed.

[14] Baker, J. and Brown, J. concur